IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Criminal Action No. 15-cr-00080-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHAN J. SIMMS,

    Defendant.

**ORDER SETTING TRIAL AND REFERRING MATTER TO MAGISTRATE JUDGE**

THIS MATTER comes before the Court upon reassignment in compliance with District Court General Order 2015-1 (Durango and Grand Junction Protocol).   On April 17, 2015, the Court granted the Motion to Declare Case Complex and Vacate certain deadlines (#18).   That Order is SUPERSEDED by this Order Setting Trial and Referring Matter to Magistrate Judge.   In compliance with the Speedy Trial Act (18 U.S.C. §3161, *et. seq.*),

**IT IS HEREBY ORDERED:**

The initial trial setting in this matter for a four-day trial to a jury of twelve, plus alternates, is **September 14, 2015**, at **8:30 a.m.**, in the United States District Court for the District of Colorado, Wayne Aspinall Courthouse, 402 Rood Avenue, Grand Junction, Colorado.   Motions[1]

---

[1] A request for a *James* determination shall be made through a jointly filed motion accompanied by a completed chart in conformance with Exhibit A attached hereto.  **No hearing will be conducted**.   Based upon the joint motion and chart, prior to trial, the Court will issue a written advisory ruling premised upon the assumption that all identified evidence as to the alleged conspiracy is admitted at trial and a proffer of the identified statements pursuant to Fed.R.Evid. 801(d)(2)(E) is made.

1

shall be filed on or before **July 17, 2015**.   Responses shall be filed on or before **July 31, 2015**.   A Trial Preparation Conference is set for **September 10, 2015**, at **3:00 p.m.** by video conference.

### CONSENT OF THE DEFENDANT (Consent Form)

In view of the Consent (#14) filed on April 14, 2015, Motions falling within the consent of the Defendant are hereby REFERRED to the magistrate judge.

All sentencings and matters to which the Defendant does not consent will be heard by the undersigned.   To the extent possible such matters will be heard in Grand Junction, Colorado, on the second week of alternate months.   Alternatively, such matters (where constitutionally permissible) will be held by video conference with the undersigned appearing in Denver.   The Defendant may consent on the consent form to the holding of a sentencing hearing by video conference.

### B.   PLEA AGREEMENTS

Absent Court Order, a Notice of Disposition shall be filed **no later than 14 days** before the trial date.   If the parties consent to Magistrate Judge Gallagher conducting the Rule 11 advisement, they shall file a consent at the time of filing the Notice of Disposition.   At the Change of Plea Hearing, the original of the Plea Agreement and Statement in Advance should be marked as exhibits.   If an Information is to be proffered, it should be marked as well.   Oral motions to dismiss counts pursuant to the Plea Agreement can be made at the Change of Plea Hearing, and if granted, the order of dismissal will be stayed until the time of sentencing.

### C.   TRIAL PREPARATION REQUIREMENTS

**1. Conflicts in Scheduling.**   Continuances of the trial will be granted only in truly exceptional circumstances upon grounds satisfying the provisions of the Speedy Trial Act

**2. Motions and Jury Instructions.**   All motions *in limine* and proposed jury instructions

must be filed **no later than the day of and before** the final trial preparation conference.   All instructions submitted should contain language which is gender neutral or gender correct. Instructions should contain the caption "Instruction No. __", and the supporting authority, but no other titles or numbers.   Parties should submit stipulated facts and summary of the charges in the Indictment/Information as separate jury instructions.

     **3. Witness List.   No later than the day of and before** the final trial preparation conference, the Government shall file the final Witness List (form available through the "Judicial Officers' Procedures" link at www.co.uscourts.gov).   Please be sure that first and last names are spelled correctly (using capital letters only for proper names) and that any changes in name have been noted, as one copy will be available to the court reporter to avoid the necessity of asking for the spelling of the witness' name.

     **4.   Exhibit List.**    Prior to the conference, counsel shall confer and agree upon the manner of labeling exhibits.   Pursuant to such agreement, **no later than the day of and before** the final trial preparation conference, the Government will file an Exhibit List (form available through the "Judicial Officers' Procedures" link at www.co.uscourts.gov).   If known, demonstrative exhibits and documents used to refresh memory shall be listed on the Exhibit List.

     If exhibits are to be presented by CD, they shall be labeled thereon.   If they are to be presented in hard copy, labels should be affixed prior to trial. All paper exhibits shall be bound, such as in three-ring notebooks or folders, and the notebook or folder labeled with the following information: (i) caption, (ii) charges,   (iii) scheduled date and time, (iv) party's name and designation and (v) "original" or "copy," and delivered to the CRD at the final trial preparation conference.

     **5. *Voir Dire* Questions.**    The Court will conduct *voir dire* which will be composed of its

own questions and those submitted by counsel.   Proposed *voir dire* questions shall be filed **no later than the day of and before** the final trial preparation conference.

    **6.   Trial Briefs**.   Please advise the Court at the final trial preparation conference if you wish to file trial briefs.   Briefs requested shall be filed on a date to be set by the Court. Unless otherwise specified, trial briefs shall be limited to 5 pages.

    **7. Issues to be addressed at the Final Trial Preparation Conference.**

The parties shall be prepared to address the following issues:

    1)    jury selection;

    2)    sequestration of witnesses;

    3)    timing of presentation of witnesses and evidence;

    4)    anticipated evidentiary issues (need for scheduling of hearings outside the presence of the jury);

    5)    any stipulations as to fact or law; and

    6)    any other issue affecting the duration or course of the trial.

DATED this 29th day of June, 2015.

                          **BY THE COURT:**

                          Marcia S. Krieger
                          United States District Court

*Exhibit A*

[Case Caption]

## PROFFER UNDER FED. R. EVID. 801(d)(2) AND OBJECTIONS

**SECTION 1: Government's Initial Proffer as to Conspiracy**

[The Government's proffer of facts showing that (1) a conspiracy or conspiracies existed, (2) the declarant of each statement and the defendant(s) were members of the conspiracy or conspiracies, and (3) the statements were made in the course of, and in furtherance of, the conspiracy or conspiracies.]

**SECTION 2: Government's Proffer as to Specific Statements**

| **Statement #1** | **Declarant** | **Date** | **Source** | **Basis for Admission** |
|---|---|---|---|---|
| [either verbatim or best paraphrase possible] | [name of declarant] | [of statement] | [name or identification of source] | [explanation why the statement is admissible under Rule 801(d)(2)] |

| **Defendant** | **Objections to Statement #1** |
|---|---|
| [name] | |
| [name] | |

| **Statement #2** | **Declarant** | **Date** | **Source** | **Basis for Admission** |
|---|---|---|---|---|
| | | | | |

| **Defendant** | **Objections to Statement #2** |
|---|---|
| | |
| | |