IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.: 15-CR-00080-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATHAN J. SIMMS,

Defendant.

---

RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AS TO DEFENDANT'S MOTION TO DISMISS INFORMATION (document #30)

---

This matter comes before the Court, having been referred for recommendation, on Defendant's Motion to Dismiss Information (document #30) and Government's Opposition (document #38). The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. This United States Magistrate Judge makes the following recommendation as to why Defendant's motion should be DENIED:[1]

Defendant has been charged, by way of Information (document #1) (filed 2/24/2015), indictment having been waived (document #2) (filed 2/3/2015)[2], with one

---

[1] The parties shall have 14 days from the service of this Recommendation to file and serve any specific written objections to these proposed findings and recommendations. *See* 28 U.S.C. § 636 (b)(1)(C); *See also* Fed.R.Crim.P. 59(b)(2). Failure to object in accordance with the rule waives a party's right to review. *Supra at* Rule 59(b)(2).

[2] The waiver of indictment did not include, in any fashion, a waiver of the statute of limitations.

count of violating the Lacey Act in alleged violation of 18 U.S.C. § 371. The facts alleged in the information discuss a lengthy conspiracy to violate various hunting laws in the Western Colorado area in a for profit hunting scheme over a period of years. Defendant's alleged involvement, as it is pertinent to this issue, includes a mountain lion hunt on or about February 17, 2010. The Information further states that "[t]he conspiracy ended on or about March 18, 2010" (document #1, p.11, para. n).

Defendant is accused of guiding a lion hunt on or about February 17, 2010 and ultimately checking in the kill as his (Defendant Simms') own kill (document #1, p. 11, para. m).

The essence of Defendant's argument in support of his Motion to Dismiss is that his involvement in the conspiracy ended on February 17, 2010 and that the information was not filed in this action until more than five years later, thus entitling Defendant to a dismissal. Defendant further argues that he affirmatively withdrew from the conspiracy by informing the head of the conspiracy, his father in-law, that he would have no further part in the conspiracy.

The Government responds, arguing that Defendant's motion should be denied for the following reasons: (1) The Government argues that the conspiracy was not complete until March of 2010; and (2) The Government argues that any withdrawal from the conspiracy is a factual determination to be made by a jury, not fodder for a motion to dismiss.

The End of the Conspiracy

As stated above, the Government alleges in the information that the conspiracy ended in March, 2010. Whether the Government has included within the Information specific facts as to what occurred in furtherance of the conspiracy between February 20, 2010 and March, 2010 is disputed.[3] The Information states "[o]n or about February 20, 2010 CL presented the mountain lion for check-in as his own kill. CL and JJ, another co-conspirator, planned to have the illegally possessed lion carcass mounted and shipped to the Texas hunter" (document #1, p.11, para. m). While not stated in the information, the Government asserts in its Response that the taxidermy actions occurred in early March, 2010, that Defendant was aware of these actions, and that this information was revealed to the Defense in previously provided discovery.[4]

> An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.

---

[3] The real date at issue, for purposes of determining this discrete motion, is February 24, 2010 as that date is five years prior to the filing of the information.

[4] The Government invites the Court, in document #38, p. 6, fn. 2, to re-cast Defendant's Motion to Dismiss as a motion for bill of particulars under Rule 7(f). The Court refuses this invitation.

3

*U.S. v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)(citations removed). Additionally, in this posture all factual inferences must be made in favor of the government with the assumption that the government can prove the facts alleged. *See U.S. v. Jeronimo-Bautista*, 425 F.3d 1266, 1267 (10th Cir. 2005).

The Information clearly identifies an end date to the conspiracy, 3/18/2010, which is less than five years before the filing of that Information on 2/24/2015. While scant, there are facts which can reasonably be construed as acts occurring in that time period (delivery of the dead lion and plans to have taxidermy work completed on the lion carcass). The discovery, as relayed through the Government's Response, contains additional facts which support the conspiracy ending after February 24, 2010.

This Court finds that the Government has plead sufficient information to show that the conspiracy ended in March, 2010. As stated above, the Information was filed on February 24, 2010. Nothing more is required by way of pleading at this stage of the proceedings. Therefore, no statute of limitations violation occurred meriting a dismissal of this action.

Withdrawal From the Conspiracy

Defendant argues that he withdrew from the conspiracy prior to February 24, 2010. True or not, this is irrelevant to a motion to dismiss.[5]

---

[5] Even at the stage of a motion for judgment of acquittal, the question would be whether, in the light most favorable to upholding a verdict, could a rational jury have found the defendant guilty beyond a reasonable doubt. *See U.S. v. Thornburgh*, 645 F.3d 1197, 1204 (10th Cir. 2011).

Defendant's assertion of withdrawal from a conspiracy is a defense, properly considered by the jury.  *See Thornburgh at* 1204; *see also U.S. v. Hughes*,  191 F.3d 1317, 1322 (10th Cir. 1999).  Thus, it would not be proper to consider this defense in the context of a motion to dismiss.

For the foregoing reasons, this United States Magistrate Judge respectfully recommends that Defendant's Motion to Dismiss be DENIED.

Dated  August 18, 2015.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge