**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Criminal Action No. 15-cr-00080-MSK-GPG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**NATHAN J. SIMMS,**

    Defendant.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION AND
DENYING MOTION TO DISMISS**

---

THIS MATTER comes before on Defendant's Motion to Dismiss (**#30**), and the Prosecution's Response (**#38**). The Magistrate Judge entered a Recommendation (**#39**) on August 18, 2015 and the Defendant filed timely Objections (**#41**).[1]

**BACKGROUND**

On February 24, 2015, the Government filed an Information[2] (**#1**) charging the Defendant, Nathan J. Simms, with one count of conspiracy to violate the Lacey Act Amendments of 1981, 16 U.S.C. § 3371 (the Lacey Act).[3] The Lacey Act makes it unlawful to knowingly transport or sell in interstate commerce any wildlife which is known to have been taken, possessed, transported or sold in violation of any state law or regulation. *See* 16 U.S.C. § 3372(a)(2)(A). "Sell," as used in the Lacey Act, includes guiding, outfitting, or providing any other services that further the illegal

---

[1] This case was reassigned to the Court in compliance with District Court General Order 2015-1 (Durango and Grand Junction Protocol).
[2] Mr. Simms waived his right to a grand jury indictment (**#2**).
[3] The information also alleges violations of Colorado and Utah law, as relevant to prove the Lacey Act charges.

taking, acquiring, receiving, transporting, or possession of wildlife. *See* 16 U.S.C. 3372(c)(1).

The charge in this case arises out of Mr. Simms's participation in a guiding business that organized mountain lion[4] and bobcat hunts for paying clients. At least some of these hunts were in violation of Colorado and Utah law. The Information alleges that Mr. Simms provided guiding services in furtherance of the conspiracy from 2006 through 2010. As relevant here, it alleges that:

> "On or about February 17, 2010, [Mr.] Simms, [along with other co-conspirators,] guided a Texas hunter on a successful hunt in Colorado. On or about February 20, 2010 [a co-conspirator] presented the mountain lion for check-in as his own kill. [Two co-conspirators] planned to have the illegally possessed lion carcass mounted and shipped to the Texas hunter."

It further alleged that "The conspiracy ended on or about March 18, 2010."

The Information was filed on February 24, 2015. Mr. Simms argues in his Motion to Dismiss that his involvement in the alleged conspiracy ended prior to February 24, 2010, and thus, the statute of limitations bars his prosecution. His argument is essentially two-fold. One, he notes that the Information does not specifically allege any overt acts committed by Mr. Simms after February 24, 2010. Two, he contends that he cannot be liable for any acts of the conspiracy occurring after the February 17, 2010 hunt because he affirmatively withdrew from the conspiracy on that date.[5]

In response, the Government contends that the Information contains sufficient factual allegations which, viewed in the light most favorable to the Government, support an inference that acts in furtherance of the conspiracy were committed after February 24, 2010. And the Government contends that any question of whether Mr. Simms withdrew

---

4 "Mountain lion" and "cougar" are two names for the same animal.
5 Mr. Simms's Motion to Dismiss identifies the date of the last illegal hunt in which he participated as February 5, 2010 (which the Information pleads was an additional hunt). But, in his Objections to the Recommendation, Mr. Simms no longer appears to dispute that he was a participant in the illegal hunt occurring on February 17, 2010.

2

from the conspiracy early enough to avoid liability is a factual matter for resolution by the jury.

The Motion was referred to the Magistrate Judge for Recommendation. The Recommendation substantially agreed with the Government on both issues, and thus found that the motion to dismiss should be denied. In his Objections, Mr. Simms does not contest (and, in fact, concedes) the Recommendation's finding that whether Mr. Simms withdrew from the conspiracy is a factual matter not appropriately decided on a Motion to Dismiss. But Mr. Simms specifically objects to the Recommendation's finding that the Information should be allowed to proceed despite (as he alleges) the fact that it does not allege any actions committed after February 24, 2010.

## STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after service of the recommendation. *See* 28 U.S.C. § 636(b)(1). The district reviews those portions of a recommendation to which a timely and specific objection is made *de novo*. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## ANALYSIS

The only objection before the Court is that the Information does not sufficiently allege overt acts occurring within the five year period preceding the charging date.

An indictment or information must make a "plain, concise, and written statement of the essential facts constituting the offense charged, and is generally sufficient if it fairly informs a defendant of the charge against which he must defend. *See* U.S. Const. amend. VI; Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Hathaway*, 318 F.3d

3

1001, 1009 (10th Cir. 2003). A court reads an information or indictment as a whole to determine whether it: (1) contains the essential elements of the offense charged; (2) sufficiently apprises the accused of what he must defend against; and (3) enables the accused to plead double jeopardy for any subsequent prosecution based on the same offense. *United States v. Patterson*, 713 F.3d 1237, 1249 (10th Cir. 2013); *United States v. Boston*, 718 F.2d 1511, 1516 (10th Cir. 1983) (unless any conviction would necessarily require facts beyond the scope of the indictment, it is sufficient). In consideration of a motion to dismiss, all factual allegations in the indictment or information are taken as true. *See United States v. Sampson*, 371 U.S. 749, 778-79 (1962).

The Government must allege sufficient facts from which it could be concluded that Mr. Simms conspired to violate the Lacey Act. Such a charge requires evidence that (1) the defendant agreed to violate a law; (2) the defendant knew the objective of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; (4) the defendant or a co-conspirator committed an overt act in furtherance of the conspiracy; and (5) the coconspirators were interdependent. *See* 18 U.S.C. § 371; *United States v. Alisworth*, 138 F.3d 843, 850 (10th Cir. 1998). The information must also state the essential elements and facts related to the underlying offense. *United States v. Bedford*, 536 F.3d 1148, 1156 (10th Cir. 2008). However, when the Government prosecutes only a conspiracy charge, the information need not describe the elements and facts related to the underlying offense with the same degree of specificity as would ordinarily be required to charge only the underlying offense. *United States v. Daily*, 921 F.2d 994, 999 (10th Cir. 1990).

The Information must also allege illegal acts occurring within the relevant statute of limitations. Here, there is no dispute that the applicable statute of limitations is five years. *See* 16 U.S.C. § 3282. Thus, to proceed against Mr. Simms, the Information must

allege some activity in furtherance of the conspiracy occurring on or after February 24, 2010. *See Fiswick v. United States*, 329 U.S. 211, 216 (1946); *United States v. Stoner*, 98 F.3d 527, 532-33 (10th Cir. 1996). Because a conspirator is liable for the reasonably foreseeable actions of his co-conspirators taken in furtherance of the conspiracy, the Information need not allege that Mr. Simms personally committed an overt act after February 24, 2010. *See United States v. Lake*, 472 F.3d 1247, 1265 (10th Cir. 2007); *United States v. Brewer*, 983 F.2d 181, 185 (10th Cir. 1993); *see also Stoner*, 98 F.3d at 532-33.[6] Thus, the facts pertaining to the existence, purposes and duration of the conspiracy are particularly significant in determining whether the Information is adequate.

Mr. Simms does not dispute that the Information sufficiently alleges that he and others agreed to violate the law (namely, the Lacey Act and Colorado and Utah hunting laws); that at some point in time, Mr. Simms was a knowing and active participant in this conspiracy, and that the coconspirators were interdependent. But he argues that the Information is deficient because it does not allege that he committed any overt acts after February 24, 2010, and thus, the statute of limitations bars his prosecution.

The Court disagrees. Though the Information does not contain the particular dates for any events or any action by Mr. Simms after February 24, 2010, it gives details regarding a hunt in which Mr. Simms participated on February 17, 2010. It continues that, on February 20, 2010, a coconspirator presented an unlawfully killed mountain lion as his own kill, and even later that two coconspirators had the lion carcass mounted and then shipped to Texas. Only then was the object of the conspiracy fully accomplished. Drawing all reasonable inferences in favor of the

---

6  If Mr. Simms effectively withdrew from the conspiracy before February 24, 2010, he may not be liable for the later acts of his coconspirators after that date. However, this is a factual matter to be determined at trial.

Government, as the Court must when considering the sufficiency of an indictment or information, a jury could reasonably find that the objective of the conspiracy was to hunt, kill, and then mount a mountain lion for display and that the carcass that was mounted was the result of the hunt in which Mr. Simms participated. It is also a reasonable inference that the mounting and delivery of a carcass presented on February 20 would take more than four days. This means that the conclusion of the conspiracy could have occurred after February 24, 2010.[7]

Accordingly, the Court finds that Information is both adequate to advise Mr. Simms of the charge brought against him and to allege a crime falling within the applicable statute of limitations.

## CONCLUSION

Mr. Simms's Objections to the Recommendation are therefore overruled. The Court **ADOPTS** the Recommendation of the Magistrate Judge and denies Mr. Simms's Motion to Dismiss.

DATED this 8th day of September, 2015.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge

---

[7] The prosecution contends that, in discovery, it has since presented Mr. Simms with more specific detail, including that one of the subsequent actions occurred on March 3, 2015. Although this might support the inference drawn from the allegations plead in the Information, the Court has confined its analysis for purposes of this Order to the four corners of the Information.

6